A. JONES DIE Co., INC., Respondent, v. MAMET FUR DYEING Co., INC., and Others, Appellants.

Supreme Court, Appellate Term, Second Department, May Term, 1930.

*Myron Wisoff*, for the appellants.

*Isidor Neuwirth*, for the respondent.

PER CURIAM. Judgments unanimously reversed upon the law, and new trials granted, with fifteen dollars costs in each case to appellants to abide the event.

The new trials are granted solely as to the right of the plaintiff in the one action to an apportionment of the June rent and in the other action to the liability of the plaintiff to the defendant corporation for the rent claimed in the counterclaim in the action for a return of the deposit.

The provision of the lease took it out of the operation of the statute (Real Prop. Law, § 227) and measured the rights and obligations of the parties. (*Progress Corporation* v. *Chassman*, 188 N. Y. Supp. 406.) The fire clause substantially provides that in the event of fire the lessor should repair the damage " with all reasonable dispatch," and in case the building generally throughout be so injured or destroyed that the lessor shall decide, within a reasonable time to rebuild or reconstruct, then the agreement

shall cease and come to an end and the rent be apportioned. The proof did not establish such injury or destruction of the building that the lessor decided to rebuild. The apportionment of the rent, therefore, could not be had. In the absence of such proof, the tenant was obliged to pay the June rent which was due prior to the fire. If the landlord unduly delayed the making of the repairs and the fire had made the premises untenantable, the tenant had the right to give up possession and end liability for subsequent rent. (*Nimmo* v. *Harway*, 23 Misc. 126; *Progress Corporation* v. *Chassman, supra.*) The finding of the court as to the conversion of the security and the allowance of the water charges is approved and must be accepted as fact upon the new trial.